Per Curiam.
The judgment should be affirmed, with costs, upon the opinion of the learned judge at special term.*

 Note.—If the opinion of the judge at special term had been received by the reporters in season the case would have been reported in full. As the questions involved are of general interest it has been deemed proper to report the opinion of the Court below here. A perusal of the opinion will, it is hoped, confirm the views of the reporters. The opinion, after reciting the facts, as set forth in the head note, was as follows:—
“ O’ Cobmak, J.—The defendants rely in their defence chiefly on the allegation that they were not guilty of any fraud or misrepresentation, as *573 to the date on which payment of the mortgage became due, and that they did not in terms assert that it became due on the day mentioned in the contract, and they also aver that, on being informed that the mortgage in fact was payable in 1889, two years before the date set forth in the agreement, they used reasonable diligence in procuring a deed from the mortgagee extending the time of payment, and that they did actually procure such deed, and tendered it to the plaintiff on November 23d, eight days after the date specified in the agreement of sale for closing the contract.
“ The evidence does not, in my opinion, sustain a charge of laches on the part of the plaintiff, or of any delay in acquainting himself as to the contents of the mortgage in question. He was justified in assuming for the time that the defendants, in executing their contract, did not err in the statement made therein as to the time of the maturity of a mortgage on their own property. On ascertaining the error, the attorney for the plaintiff lost no time in informing the attorney for the defendants of the condition of affairs.
“ Neither am I satisfied that a charge of laches can well be sustained against the defendants for delay in securing the extension of time from the mortgagee, for payment of the mortgage, after they had received such information.
“ The main question seems to be whether the plaintiff, having given notice to the defendants that he would require formal, exact, and final execution of the contract, and the production of the deed extending the time for payment of the mortgage, to the date set forth in the contract, and that he would accept of no substitute for that deed, and also that he would require the transaction to be closed on the day mentioned in the contract, and would not consent or submit to any further delay, was justified in law and equity in taking that position. If so, the plaintiff must succeed in this action. If, on the other hand, a court of equity, on the facts of this case, has power, and, in the exercise of its discretion, ought to relieve the defendants, then the question will be whether they have shown themselves to be deserving of equitable relief, and whether it would be in accordance with public policy to grant it.
“ There are no authoritative decisions of the courts of this state, laying down a hard and fast rule of law for cases of this nature. Each case must, in great degree, be decided according to its own peculiar features, and on its own facts.
“ The time for closing contracts for the sale of land, when clearly and distinctly expressed in the contract itself, although not expressly stated as being of the essence of the contract, cannot be treated as mere surplusage, without any force or intent or meaning. It can, in my opinion, be made essential to the contract by the distinct demand of either party that the express terms of the contract in that respect be carried out. The plaintiff had the right to demand that the contract should, in that and in all other respects, be carried out according to its terms, and on such demand being made, it becomes of the essence of the contract. If the defendants were in doubt before, or at the time when the contract was executed, as to the time when the mortgage fell due, it was their duty to make speedy inquiry on the subject, so as to correct their error if any, in time. In failing to do so, and leaving *574 a question of such manifest importance in doubt, up to a few days before the time fixed for closing the transaction, I think the defendants failed in their duty, and in the vigilance which should be require of them even if it were only for their own protection.
“ In the various transactions which take place in this city, asto the sale and transfer of real estate, cases of this nature frequently arise, and it is important that the law on these subjects should be, as far as possible, clear uniform, and capable of practicable application. To hold that no importance should be attached to the time specifically fixed in the contract of sale, for the closing of the transaction, by exchange of deeds, etc., would be, in my opinion, dangerous, and tending to the growth of habits of looseness and uncertainty. In the transaction of such business, mutual courtesy is often needed, and often freely given. But such courtesy may be withheld without violation of law, and the injurious consequences that may ensue do not constitute a cause of action at law, or sustain a claim for equitable relief. .
“ Applying the rules of law and equity to the special facts in the case at bar, I hold that the defendants are chiefly responsible for the delay in closing the contract at the time specified therein. That the plaintiff had a right to demand a deed from the mortgagee, extending the time for the payment of the principal of the mortgage to the date mentioned in the contract. That the defendants were primarily responsible for the correctness of the date set forth in the contract. That, under all the circumstances, the plaintiff had the lawful right to require the closing of the sale at the time specified in the contract, and was under no legal obligation to extend the time.
“ In the case at bar, the'plaintiff distinctly refused to agree to any further extension, and announced that he would rest on his strict rights'under the contract.
“ That the defendants were unable to carry out their part of the contract on the day required by the contract, was their misfortune, and to some extent their fault. They ought to have had more accurate knowledge of the material condition of their own title, and they ought not to have made themselves responsible by contract, for the accuracy of a statement of fact, in the contract, which would naturally be an important element, inducing the plaintiff to the purchase.
“• Judgment should be for the plaintiff and against the defendants, denying the equitable relief claimed by them.
“ The plaintiff should have his costs in the action.”